IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SE PROPERTY HOLDINGS, LLC,    )
    Plaintiff,           )
                         )
v.                           )   CIVIL ACTION NO. 13-00609-KD-C
                         )
DAVID A. STEWART,            )
    Defendant.           )

**ORDER**

This action is before the Court on Plaintiff's Motion for Leave to Amend (Doc. 20). "[P]ursuant to Fed. R. Civ. P. Rule 15(a)(2)[,]" Plaintiff "requests leave to amend its pleadings to new [sic] claims against Defendant David A. Stewart" and to add and assert claims against other parties. (Id. at 1).

The motion was filed April 11, 2014, and is timely under the Court's Scheduling Order (Doc. 15 at 1, ¶ 4). As the Defendant filed his Answer on January 7, 2014, the time for Plaintiff to amend its Complaint once as a matter of course has expired. See Fed. R. Civ. P. 15(a)(1)(B).

> Once the time period for amending a pleading as of right has expired, Rule 15(a) of the Federal Rules of Civil Procedure, provides amendment "only by leave of court or by written consent of the adverse party." The decision whether to grant leave to amend a complaint is within the sole discretion of the district court. Rule 15(a), however, limits the court's discretion by mandating that "leave shall be freely given when justice so requires." See Halliburton & Assoc. v. Henderson, Few & Co., 774 F.2d 441 (11th Cir. 1985). There must be a substantial reason to deny a motion to amend. Id. Substantial reasons justifying a denial include "undue delay, bad faith, dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

Laurie v. Ala. Court of Criminal Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001) (*per curiam*).

Upon consideration, the Court finds that, unless an opposing party can articulate a "substantial reason" otherwise, Plaintiff's Motion for Leave to Amend (Doc. 20) is due to be

granted. Accordingly, it is **ORDERED** that any objection to Plaintiff's Motion for Leave to Amend (Doc. 20) shall be filed on or before **Monday, April 28, 2014**. If no such objection is filed by that time, it is **ORDERED** that the motion (Doc. 20) is **GRANTED** without further action by the Court, and Plaintiff shall file the proposed amended complaint (Doc. 20-1) attached to the motion as its operative complaint in this action on or before **Wednesday, April 30, 2014**. Responsive pleadings to the amended complaint shall be filed within the time allowed by the Federal Rules of Civil Procedure.

      **DONE** and **ORDERED** this the **18th** day of **April 2014**.

                                      /s/ Kristi K. DuBose
                                      **KRISTI K. DuBOSE**
                                      **UNITED STATES DISTRICT JUDGE**